VOORHEES RUBBER CO. v. UNION SUPPLY CO.

1. MOTION TO STRIKE OUT ANSWER TO INCOMPETENT QUESTION IMPROPER PRACTICE.

   Objection to and motion to strike out an answer given in response to a question calling for an incompetent answer is not proper practice, such objection should be made before the answer is given, and refusal of such motion is not error.

2. MOTION TO STRIKE OUT EVIDENCE MUST STATE CLEARLY EVIDENCE OBJECTED TO.

   A motion to strike out evidence should state clearly what part of the evidence is asked to be stricken out, otherwise the motion should be refused.

3. BREACH OF WARRANTY MAY BE SHOWN BY REASONABLE TEST AS TO PART OF GOODS WARRANTED.

   To demonstrate a breach of an express warranty in the sale of goods, it is not necessary that the purchaser place all of the goods with his customers for trial when a reasonable test has been so made.

4. CUSTOM CANNOT CHANGE PLAIN PROVISIONS OF A CONTRACT.

   Customs of a trade cannot be substituted for the plain provisions of a contract, and in contradiction of them.

ERROR to Lucas common pleas court.

**H. J. Chittenden** and **C. W. Kirkley,** for plaintiff in error.

**E. E. Davis,** for defendant in error.

KINKADE, J.

Jury waived and tried to the court. The errors relied on are, first, admitting incompetent evidence; second, excluding competent evidence; and third, verdict contrary to the evidence. We have examined the record with care, and if counsel will read the record with equal care we think they will see that the claims urged in argument as to the errors of the trial court on matters of evidence are not sus-

tained by the record in this, that the objections and motions to strike out are not timely or properly made. We do not regard it as correct practice to defer objecting to a question or answer until after counsel sees what the answer is to be, and then object and move to strike it out. Where a question calls for conversation which is regarded as incompetent evidence, counsel may not delay objecting until the conversation is given, and then if found to be undesirable object and move to strike out. When a motion is made to strike out evidence the motion should state clearly what part is asked to be stricken out; otherwise the motion should be denied. Counsel would have some difficulty in this case in designating just what was embraced in certain motions of this kind that were made.

The contention of counsel for plaintiff in error that a traveling salesman whose duty is only to sell goods has no power to modify a contract made for his employer is correct as a general proposition. But it is not necessary to hold that Mr. English had power to modify the contract between the parties in order to sustain the decision of the trial court. That he performed services for his employer in connection with completing the contractual relations between the parties and later on, in adjusting differences that arose, somewhat out of the ordinary duties of a traveling salesman, is clearly manifest. As general sales manager he seems to be about the only one speaking for his corporation employer, except one Mr. Covalt, occupying a like position and performing similar services.

With the element of express warranty as to the quality of these goods, the defendant in error needed no modification on which to base an action for breach of warranty. Counsel are familiar with the case of *Dayton* v. *Hooglund*, 39 Ohio St. 671, and other decisions of our Supreme Court, that where there is an express warranty the buyer does not need to return the goods in order to recover for breach of warranty. That there was an express warranty in this case we think was clearly shown, and that there was a breach of that warranty was established by the evidence presented by the defendant in error. The tests made by the defendant in error were sufficient to show that the goods were of inferior quality. It was not the duty of the defendant to further demoralize its own business by shipping out to its customers for trial the remainder of the goods, as the only method of demonstrating their unfitness for use. Such a course could not benefit either party to the contract.

Much of the evidence offered on the trial for the purpose of es--

tablishing a custom which was claimed would have defeated the counter-claim was properly excluded by the trial court. We think even more of it might have been excluded. We do not see how the custom contended for could in any way be permitted to contradict the contract between the parties. Custom often aids in construing a contract, but it cannot be substituted for the plain provisions of a contract at variance with the terms of the custom. In order to maintain that one party to a contract has empowered the other party to the contract to decide any and all questions which might arise between them touching the subject-matter of the contract, we are inclined to think the party making such claim would need something stronger than a custom of the trade. We are not unmindful of the wonderful scope sometimes given to this doctrine that parties must have entered into a contract with reference to the well known and fully established custom, but we are not aware of any well considered case extending the doctrine to the length contended for here.

We find no prejudicial error in the record, and the judgment of the court of common pleas will be affirmed.

**Parker** and **Wildman, JJ.,** concur.